PER CURIAM.
Petitioner S.G. asks this Court to review the recommendations of the Florida Board of Bar Examiners (Board) and grant her admission to The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons stated below, we deny the petition.
S.G. has been diagnosed with a learning disability known as attention deficit disorder.[1] Prior to the administration of the July 1995 Florida Bar Examination, S.G. requested and was granted, due to her disability, an accommodation of twenty-five percent more time on all portions of the exam. With this accommodation, S.G. has taken the bar exam several times but has been unable to earn a passing score.[2]
In April of 1997, S.G. petitioned the Board for admission to The Florida Bar. In her petition, she requested, as a reasonable accommodation for her disability, that the Board average her scores on parts A and B of the bar exam taken at separate administrations. The Board denied her request, and she sought review in this Court.
As the basis for her request that this Court grant her admission to The Florida Bar, S.G. argues that, due to her disability, she must take parts A and B of the exam during separate administrations and that doing so simply puts her on equal footing with non-disabled applicants taking both parts of the exam during the same administration; therefore, her scores should be calculated as though she, in fact, took both parts during the same administration. Scoring her otherwise, she argues, penalizes her because of her disability. S.G. contends that the Board wrongfully denied her request for this reasonable accommodation under the Americans with Disabilities Act (ADA).
Assuming S.G. is disabled under the ADA,[3] the Board must reasonably accom *325 modate her in administering the bar exam to ensure that the exam reflects the substantive legal knowledge, reasoning ability, and analytical skills it is intended, to test rather than S.G.’s disability. Under Title III of the ADA, “[a]ny person that offers examinations ... related to applications, licensing, certification, or credentialing for ... professional ... purposes shall offer such examinations ... in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.” 42 U.S.C. § 12189 (1994).[4] Additionally, Justice Department rules implementing Title III provide that professional licensing examinations must be “selected and administered so as to best ensure that ... the examination results accurately reflect the individual’s aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual’s [disability].” 28 C.F.R. § 36.309(b)(l)(i)(1997). These rules state that “[r]equired modifications to an examination may include changes in the length of time permitted for completion of the examination and adaptation of the manner in which the examination is given.” 28 C.F.R. § 36.309(b)(2). However, modifications which would “fundamentally alter the measurement of the skills or knowledge the examination is intended to test” are not required. ' 28 C.F.R. § 36.309(b)(3); cf.. Maczaczyj v. New York, 956 F.Supp. 403 (W.D.N.Y.1997) (holding that in educational setting, institution is not required to lower or effect substantial modifications of standards to accommodate handicapped person); McGregor v. Louisiana State Univ. Bd. of Supervisors, Civ.A.No. 91-4328, 1992 WL 189489, at *2 (E.D.La. July 24, 1992) (same) (citing Southeastern Community College, v. Davis, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1970)), aff'd, 3 F.3d 850 (5th Cir.1993).
Here, S.G. originally requested and was given extra time to complete the bar examination. S.G.’s present request, however, is of a very different nature. She now requests not an accommodation in the administration of the exam, but an accommodation in the scoring of her exam. A modification in the scoring of an exam is, by its very nature, a modification which “fundamentally alters the measurement of the skills or knowledge the examination is intended to test.” Such a modification or accommodation is not required under the ADA.
Further, the purpose of the ADA is to ensure that disabled persons are placed on equal footing with the non-disabled, but it is not meant to give such persons an unfair advantage. See D’Amico v. New York State Bd. of Law Exam’rs, 813 F.Supp. 217, 221 (W.D.N.Y.1993). S.G. may need to take parts A and B of the exam during separate administrations to put her on equal footing with non-disabled applicants, and she is clearly allowed to do so. However, averaging her scores as she requests would, give her an unfair advantage. The fact that S.G. must take each part separately due to her disability does not change the fact that taking each part separately still gives her the advantage of preparing for only one part at a time — the very reason the rules provide that, when the exam is taken in this manner, the scores on each part cannot be averaged. Thus, averaging S.G.’s scores on parts A and B taken during separate administrations of the exam would result in preferential treatment and is not a reasonable accommodation. Accordingly, we deny S.G.’s petition.
It is so ordered.
*326 KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.

. Specifically, she has difficulty with long-term memory retrieval and organizational and sequencing skills, has problems focusing and utilizing a multi-sensory approach to learning, and is easily distracted.

. When applicants take both parts A and B of the bar exam during the same administration, a passing score is an averaged scaled score of 131 or better; however, when a candidate sits for each part during separate administrations of the exam, to pass, the applicant must earn a score of 131 or better on each part. See Fla. Bar Admiss. R. 4-25.1, 4-25.2, and 4-26.2.

.The Board does not contest that S.G. is disabled trader the ADA. Further, as S.G. argues, the Board has already acknowledged her disability by granting her request for time accommodations. Because this issue is not squarely before *325 us and is not necessary to our decision; we assume and do not decide whether S.G. is disabled under the ADA.

. While Title III of the ADA generally applies only to private entities, section 12189, quoted above, expressly applies to "any person." The ADA defines the term "person” as having the same meaning given the term in section 701 of the Civil Rights Act of 1964. See 42 U.S.C. § 12111(7)(1994). In the Civil Rights Act, "person” includes governments and governmental agencies. See 42 U.S.C. § 2000e(a)(1994). Additionally, federal courts have applied Title III to the administration of bar examinations. See, e.g., Bartlett v. New York State Bd. of Law Exam’rs, 970 F.Supp. 1094 (S.D.N.Y.1997); D’Amico v. New York State Bd. of Law Exam’rs, 813 F.Supp. 217 (W.D.N.Y.1993). The Board here does not contest the applicability of the ADA to the administration of the Florida Bar Exam.